On Rehearing.
Wyly, J.
After further examination we have come to the conclusion that the succession of John Armstrong is not liable on the bond. As there is no sum fixed in the penal clause, the instrument contains his written promise to pay no particular amount.
“ Suretyship can not be presumed; it ought to be expressed, and is to.be restrained within the limits intended by the contract.” Revised Code 3039.
It is manifest from the instrument that Armstrong, the surety, did not intend to bind himself for an unlimited amount. He certainly did not undertake to go security for all the money, goods and property of *435 the Canal and Claiborne Streets Railroad Company that might come into the hands of Campbell, its secretary and treasurer. The writing contains no such promise.
As no amount is fixed in the bond, there is no evidence that the parties ever came to ah agreement as to the extent of the obligation of Armstrong. The contract was incomplete. We can not now say that the succession of Armstrong owes the plaintiff $9809 65, the amount of Campbell’s defalcation; because when Armstrong signed the instrument there is no evidence that he and the plaintiff agreed that he, in. such a contingency, should pay that sum.
Without making a contract for the parties, this court can not determine that the defendant owes the plaintiff anything. Assuming that the signing and delivery of the instrument authorized or implied authority granted to the holder to fill in the amount, which we do not admit, the death of Armstrong revoked the mandate, and no sum has been filled in.
The promise to pay the debt or discharge the obligation of another can only be proved by written evidence. Acts of 1858, page 148.
The obligation of Campbell extended to the full value of the money and property confided to him as secretary and treasurer of the Canal and Claiborne Streets Railroad Company. He was bound to account for all of it; and if he made way with it, an action would lie against him for the full value thereof. Armstrong, as we have stated, did not assume an obligation so extensive, because the instrument contains no such promise. To what extent then did he agree to be bound for Campbell’s fidelity as an officer of the railroad company1? No amount is fixed in the bond, and there is no written evidence that the parties came to an agreement on this important point. The instrument stands thus: In a certain contingency, namely, on the defalcation of Campbell, Armstrong was to pay, but what amount the parties failed to agree on. The contract of suretyship was not completed.
The case of Pennyman v. Barramore, 6 N. S. 494, cited by plaintiff, is not applicable. That was a sequestration bond, where the amount was not properly filled in; it was a judicial bond, and the surety signed in reference to the law fixing the amount and the conditions thereof. It has frequently been held that omissions in filling judicial bonds are supplied by law, but in the case at bar the bond is in no sense judicial; it is an ordinary conventional bond, given by an officer of a corporation for the faithful performance of his duties; and as the surety promised to pay no specific sum, there is no obligation for the court to enforce.
It is therefore ordered that our former judgment be set aside,'and it is decreed that the judgment of the court a qua be annulled, and plaintiff’s demand he rejected with costs of both courts»